DECISION
{¶ 1} Relator, Fresh Mark, Inc., commenced this original action in mandamus seeking an order compelling respondent, Industrial Commission of Ohio ("commission"), to vacate its order that granted relief pursuant to R.C. 4123.522 to respondent, Karena K. Holenchick ("claimant"), and to order the commission to deny said relief. *Page 2 
 {¶ 2} Pursuant to Civ.R. 53(D) and Loc.R. 12(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate who issued a decision, including findings of fact and conclusions of law. (Attached as Appendix A.) Relying upon Weiss v. Ferro Corp. (1989),44 Ohio St.3d 178, the magistrate noted that R.C. 4123.522 established "a rebuttal presumption, sometimes called the `mailbox rule' that, once a notice is mailed it is presumed to be received in due course." Id. at 180. To rebut that presumption, the party alleging the failure to receive notice must prove that: (1) the failure was due to circumstances beyond the parties' or the parties' representatives control; (2) the failure was not due to the parties' or the parties' representatives fault or neglect; and (3) neither the party nor the parties' representative had actual knowledge of the information contained in the notice. R.C.4123.522.
 {¶ 3} Although claimant's counsel submitted an affidavit stating that he did not receive the notice, the magistrate found that the affidavit does not satisfy the elements required by R.C. 4123.522. Specifically, the magistrate noted that counsel's affidavit did not state that the failure to receive notice was due to circumstances beyond counsel's control and not due to counsel's own fault or neglect. Nor did the affidavit state that neither the claimant nor her counsel had prior actual knowledge of the information contained in the notice. Because it is undisputed that the notice was mailed on December 6, 2001 to claimant's counsel at his correct address and the notice was not returned, the magistrate found that claimant failed to overcome the presumption of delivery. Consequently, there was no evidence upon which the commission could have afforded relief pursuant to R.C. 4123.522. Therefore, the magistrate has recommended that this court grant relator's request for a writ of mandamus and to order the commission *Page 3 
to vacate its order granting claimant relief pursuant to R.C. 4123.522
and to deny said relief.
 {¶ 4} The claimant filed objections to the magistrate's decision arguing that the magistrate improperly assumed the role of fact finder and assessed the credibility of claimant's counsel's affidavit. The claimant also contends that the magistrate improperly weighed the evidence. We disagree.
 {¶ 5} The magistrate did not assess the credibility of the affiant or weigh the evidence. Rather, the magistrate simply found that the affidavit failed to establish all the elements necessary to rebut the presumption of delivery under R.C. 4123.522. As noted by the magistrate, the affidavit did not state that the failure to receive the notice was due to a cause beyond the control and without the fault or neglect of claimant's counsel. The record reflects that the claimant presented no evidence beyond her counsel's affidavit. Therefore, we agree with the magistrate's conclusion that the commission abused its discretion by granting relief pursuant to R.C. 4123.522. Accordingly, we overrule claimant's objections.
 {¶ 6} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law. Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant relator's request for a writ of mandamus and order the commission to vacate its order granting claimant relief pursuant to R.C. 4123.522 and to issue an order denying said relief.
Objections overruled; writ of mandamus granted.
 BRYANT and FRENCH, JJ., concur. *Page 4 
 APPENDIX A MAGISTRATE'S DECISION Rendered on November 13, 2006 IN MANDAMUS {¶ 7} Relator, Fresh Mark, Inc., has filed this original action requesting that this court issue a writ of mandamus ordering respondent Industrial Commission of Ohio ("commission") to vacate its order which granted relief pursuant to R.C. 4123.522 to Karena K. Holenchick ("claimant") and ordering the commission to find that claimant did not meet her burden of proof and is not entitled to that relief. *Page 5 
Findings of Fact: {¶ 8} 1. Claimant sustained a work-related injury on April 19, 2000, and her claim was originally allowed for "cervical strain."
 {¶ 9} 2. On July 6, 2001, claimant filed a motion requesting that her claim be additionally allowed for "impingement syndrome left shoulder."
 {¶ 10} 3. Claimant's motion was heard before a district hearing officer ("DHO") on October 4, 2001, and resulted in an order granting claimant's claim for the additional allowance.
 {¶ 11} 4. Relator's appeal was heard before a staff hearing officer ("SHO") on November 19, 2001, and resulted in an order vacating the prior DHO order and disallowing the claim for impingement syndrome of the left shoulder.
 {¶ 12} 5. Claimant's further appeal was refused by order of the commission mailed December 6, 2001.
 {¶ 13} 6. On May 9, 2002, claimant's attorney, Rush E. Elliott, filed a motion on behalf of claimant seeking relief pursuant to R.C. 123.522 asserting that neither he nor claimant had received the SHO's order mailed December 6, 2001.
 {¶ 14} 7. A review of the hearing notices as well as various commission orders in the record indicates that notices and orders had been mailed to claimant at the following address: Karena K. Holenchick, 382 S. Ellsworth Ave., Salem, OH 44460-3035. The record further demonstrates that notices and copies of various commission orders were mailed to claimant's counsel at the following address: Rush Elliott, P.O. Box 4144, Youngstown, OH 44515.
 {¶ 15} 8. Earlier in the year 2002, claimant filed a motion requesting temporary total disability ("TTD") compensation. Notices were sent out and hearings were held *Page 6 
relative to this request. Notices were mailed to the same addresses above indicated and claimant was represented at those hearings by Mr. Moro, a member of the law firm to which Mr. Elliott belonged. The orders denying claimant's request for TTD compensation from the hearing dated January 7, and February 27, 2002, both indicated that claimant's claim had been specifically disallowed for left shoulder impingement syndrome.
 {¶ 16} 9. Claimant's May 9, 2002 motion, pursuant to R.C. 4123.522, for relief from the order denying the additional allowance, was heard before an SHO on July 16, 2002. Claimant was granted relief as follows:
 The Commission finds that the injured worker's representative did not receive notice of the findings from the Commission mailed 12/6/2001. The Commission further finds that such failure was beyond the control and without the fault or neglect of the injured worker's representative and that the injured worker's representative did not have actual knowledge of the information contained in such order.
 Injured Worker may file a timely appeal from the Commission's findings mailed 12/6/2001 within the statutory period from the date of the receipt of this order.
 In granting claimant's request, the Hearing Officer specifically finds that employer's counsel did not establish by a preponderance of the evidence, that another attorney in the law firm of claimant's legal counsel, had actual notice of the said Industrial Commission order mailed 12/6/2001, thereby rendering relief under Section 4123.522. Ohio Revised Code unavailable.
 The Hearing Officer finds that employer's legal counsel offered no written documentation or affidavit to support the allegation made.
 As such, the Hearing Officer concludes that employer's said allegation was not established by a preponderance of the evidence and therefore, relief under Section 4123.522 Ohio Revised Code is appropriate here.
 {¶ 17} 10. Relator's motion for reconsideration was denied by order and mailed August 24, 2002. *Page 7 
 {¶ 18} 11. Thereafter, relator filed a mandamus action in this court.
 {¶ 19} 12. On December 20, 2005, this court issued a memorandum decision adopting the decision of the magistrate vacating the SHO order granting claimant relief pursuant to R.C. 4123.522. Specifically, the court found that the commission had failed to cite the evidence upon which it relied in making its finding that claimant was entitled to that relief. The commission was ordered to issue a new order, either granting or denying that relief which meets the requirements of R.C. 4123.522 and citing the evidence upon which the commission relied.
 {¶ 20} 13. Pursuant to this court's directive, the commission held a hearing on March 7, 2006. At that time, claimant submitted the affidavit of Mr. Elliott, her attorney, who averred in his affidavit, as follows:
 1. In 2001 and 2002 I was the senior partner in the firm of Elliott, Heller, Maas, Moro Magill Co., L.P.A.
 2. At all times during 2001 and 2002, I represented claimant Karena Holenchick with respect to workers' compensation claim number 00-538632.
 3. As said claimant's representative all workers' compensation related mail came to the office in my name.
 4. On December 6, 2001, the Industrial Commission of Ohio mailed an order which refused my appeal to the Staff Hearing Officer's denial of Ms. Holenchick's claim for impingement syndrome of the shoulder.
 5. I did not receive the denial mailed on December 6, 2001. Upon later learning of the refusal order I filed a C86 Motion requesting relief under R.C. 4123.522.
 {¶ 21} 14. At the hearing, relator's attorney pointed out that Mr. Moro, an attorney in the office of Mr. Elliott, had attended the hearings relative to claimant's request for TTD compensation. As such, counsel for relator contended that claimant's counsel did have knowledge of the commission's order denying claimant's claim for the additional condition *Page 8 
because the orders mailed out by the commission denying her TTD compensation specifically indicated that her claim had been disallowed for left shoulder impingement syndrome. Conversely, a different attorney appeared on behalf of claimant, who argued that just because one attorney in a law firm had knowledge of a prior order, that does not mean that the attorney actually representing claimant had knowledge.
 {¶ 22} 15. Following the hearing, an SHO issued an order granting claimant relief pursuant to R.C. 4123.522 as follows:
 The Commission finds that the Injured Worker's representative, Heller, Maas, Moro Magill, LPA, did not receive the findings from the order of the Commission mailed 12/06/01. The Commission further finds that such failure was beyond the control and without the fault or neglect of the injured worker's representative and that the injured worker's representative did not have actual knowledge of the information contained in such order.
 The Injured Worker's representative, Heller, Mass, Moro Magill, LPA, may file a timely appeal from the Commission's findings mailed 12/6/01 within the statutory period from the date of the receipt of this order.
 This order is based upon testimony presented at hearing, claimant's authorized representative's affidavit from Rush Elliott, as well as Court of Appeals decision rendered in said claim on 7/27/05.
 {¶ 23} 16. Relator's request for reconsideration was denied by order of the commission mailed April 29, 2006.
 {¶ 24} 17. Thereafter, relator filed the instant mandamus action in this court.
Conclusions of Law: {¶ 25} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act *Page 9 
requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. State ex rel. Berger v. McMonagle (1983),6 Ohio St.3d 28.
 {¶ 26} For the reasons that follow, it is this magistrate's decision that this court should issue a writ of mandamus as more fully explained below.
R.C. 4123.522 provides, in pertinent part, as follows:
 The employee, employer, and their respective representatives are entitled to written notice of any hearing, determination, order, award, or decision under this chapter * * * An employee, employer * * * is deemed not to have received notice until the notice is received from the industrial commission or its district or staff hearing officers, the administrator, or the bureau of workers' compensation by both the employee and his representative of record, both the employer and his representative of record[.] * * *
 If any person to whom a notice is mailed fails to receive the notice and the commission upon hearing, determines that the failure was due to cause beyond the control and without the fault or neglect of such person or his representative and that such person or his representative did not have actual knowledge of the import of the information contained in the notice, such person may take the action afforded to such person within twenty-one days after the receipt of the notice of such determination of the commission. Delivery of the notice to the address of the person or his representative is prima-facie evidence of receipt of the notice by the person.
 {¶ 27} R.C. 4123.522 provides "a rebuttal presumption, sometimes called the `mailbox rule' that, once a notice is mailed, it is presumed to be received in due course." Weiss v. Ferro Corp. (1989),44 Ohio St.3d 178, 180. In order to successfully rebut that presumption, the party alleging the failure to receive notice must prove that:
 (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice. *Page 10 
 {¶ 28} Before the commission, counsel for claimant submitted an affidavit from Mr. Elliott, the attorney who had represented claimant, that he did not receive notice. However, claimant did not present any evidence that the "failure of notice was due to circumstances beyond" counsel's control or that the "failure of notice was not due" to claimant's representative's fault or neglect. As such, claimant did not overcome the presumption of notice that existed because the evidence indicates that the order was mailed on December 6, 2001, the address was correct, and the notice was not returned. As such, this magistrate finds that the commission did abuse its discretion in finding that claimant was entitled to relief. Further, because claimant and claimant's counsel have now had two opportunities to present evidence to the commission on the issue of whether claimant is entitled to relief pursuant to R.C.4123.522, it is this magistrate's conclusion that this court should issue a writ of mandamus ordering respondent Industrial Commission of Ohio to vacate its order granting claimant relief pursuant to R.C.4123.522 and to issue an order denying claimant that relief because claimant failed, on two occasions, to meet her burden of proof. *Page 1