[Cite as *Lopresti v. O'Brien*, 2017-Ohio-5637.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| ANTOINETTE LOPRESTI, | : | **O P I N I O N** |
| Plaintiff-Appellee, | : | |
| - vs - | : | **CASE NO. 2016-G-0084** |
| KELLY O'BRIEN, | : | |
| Defendant-Third Party Plaintiff-Appellant, | : | |
| | : | |
| -vs- | : | |
| REMAX TRADITIONS, et al., | : | |
| Third Party Defendants. | : | |

Civil Appeal from the Geauga County Court of Common Pleas.
Case No. 2015 M 000555.

Judgment: Affirmed.


*J. Jaredd Flynn* and *Daniel T. Cronin*, Thrasher, Dinsmore & Dolan, 100 Seventh Avenue, Suite 150, Chardon, OH 44024-1079 (For Plaintiff-Appellee).

*David V. Patton*, 33595 Bainbridge Road, Suite 200A, Solon, OH 44139-2981 (For Defendant-Third Party Plaintiff-Appellant).


TIMOTHY P. CANNON, J.

{¶1}   Appellant, Kelly O'Brien, appeals the June 27, 2016 order of the Geauga County Court of Common Pleas, denying her Civ.R. 60(B) motion for relief from

judgment from the trial court's February 23, 2016 judgment. For the following reasons, the decision of the Geauga County Court of Common Pleas is affirmed.

{¶2} This case stems from a purchase agreement entered into by appellant and appellee, Antoinette Lopresti, on July 6, 2014. Appellant was to purchase the real property located at 14726 Clydesdale Trail, Novelty, Ohio 44072 from appellee. Appellant was permitted to rent the property while attempting to secure financing for the purchase, from August 1, 2014, until title to the property was to be transferred on February 27, 2015.

{¶3} Title to the property was not transferred on the agreed date, and appellant did not vacate the property after written notice was mailed to her on April 24, 2015. On May 11, 2015, appellee filed a complaint in the Chardon Municipal Court for forcible entry and detainer, requesting judgment against appellant for restitution of the premises and damages.

{¶4} On June 17, 2015, appellant filed an answer, counterclaim, and a third-party complaint against appellee's realtor, Dwight Milko, and Western Reserve Realty L.L.C., dba Re/Max Traditions. On motion and because appellant's counterclaim and third-party complaint were each in excess of the municipal court's jurisdictional limit, the case was transferred to the Geauga County Court of Common Pleas on July 7, 2015.

{¶5} Appellant and appellee entered into a settlement agreement on August 30, 2015. The agreement was not implemented as intended. The parties filed cross motions to enforce the settlement agreement, and a hearing on the motions was scheduled for November 19, 2015. Notice of the hearing was sent to appellant's

counsel on September 22, 2015, and was also posted to the court's publicly available docket.

{¶6} Appellant's counsel filed a motion to continue the November 19, 2015 hearing pending withdrawal, requesting the court permit appellant time to retain new counsel. Appellant's counsel filed a motion to withdraw on November 13, 2015, and sent a copy of the motion to appellant by e-mail with return receipt requested. In his motion to withdraw, counsel indicated appellant had moved out of state and counsel had not been provided with the mailing address for her new residence, but counsel had appellant's e-mail address.

{¶7} The trial court granted the motion to withdraw and the motion to continue the November 19, 2015 hearing in a stipulated order filed November 25, 2015. The court rescheduled the hearing to February 19, 2016. A notice of the hearing had been posted to the court's publicly available docket and sent to appellant's counsel on November 17, 2015, when appellant was still represented by counsel. A copy of the stipulated order, which reflects the February 19, 2016 hearing date, was also sent to appellant at the e-mail address provided by counsel in the motion to withdraw. The trial court ordered appellant to provide the court with an updated address within 14 days from the date of the order. Appellant notified the court of her new North Carolina address on November 30, 2015, at the advice of her counsel.

{¶8} Appellant failed to appear at the February 19, 2016 hearing. The court entered judgment on February 23, 2016, finding appellee complied with the terms of the settlement agreement but that appellant failed to comply with certain terms. The trial

3

court awarded certain sums of money to appellee based on appellant's failure to comply with the terms of the agreement.

{¶9} On March 24, 2016, appellant, through newly retained counsel, filed a notice of appeal from the February 23, 2016 judgment of the Geauga County Court of Common Pleas. Appellee filed a motion to dismiss on April 19, 2016. On May 23, 2016, this court, in *Lopresti v. O'Brien*, 11th Dist. Geauga No. 2016-G-0065, 2016-Ohio-3124, dismissed the appeal for lack of a final, appealable order; the February 23, 2016 judgment did not contain Civ.R. 54(B) language, and appellant's third-party claims were still pending.

{¶10} In the meantime, on April 28, 2016, while her initial appeal was pending, appellant, through counsel, filed a Civ.R. 60(B) motion asking the trial court to vacate its February 23, 2016 judgment under Civ.R. 60(B)(1) and (5), because the trial court failed to properly notify her of the February 19, 2016 hearing in violation of her due process rights.

{¶11} On May 2, 2016, appellant filed a Civ.R. 41(A) notice of dismissal with prejudice of the remaining third-party claims against third-party defendants. At that point, the order of February 23, 2016 became final. Appellant could have, but did not, file a direct appeal of this order within 30 days of May 2, 2016.

{¶12} On May 3, 2016, appellee filed a motion to strike appellant's motion for relief from judgment, arguing the trial court lacked jurisdiction to rule on the matter while appellant's initial appeal was pending. The trial court denied appellee's motion to strike and held appellant's Civ.R. 60(B) motion in abeyance until after her appeal was

4

resolved, which occurred with the filing of this court's memorandum opinion on May 23, 2016.

{¶13} Appellee filed a brief in opposition to appellant's Civ.R. 60(B) motion on June 16, 2016. Appellee argued due process notice of a hearing is satisfied by a docket entry; notice was provided to appellant's attorney; and appellant failed to meet her burden of establishing a meritorious claim or defense.

{¶14} On June 27, 2016, the trial court denied appellant's Civ.R. 60(B) motion. The court found notice of the hearing was available on the court's public docket, notice was sent to appellant's counsel, and appellant failed to appear at the hearing.

{¶15} On July 27, 2016, appellant filed a timely notice of appeal from the trial court's June 27, 2016 judgment entry. Appellant's sole assignment of error on appeal states:

{¶16} "The trial court erred as a matter of law when it failed to properly notify the defendant-appellant of the February 19, 2016 hearing in violation of her due process rights."

{¶17} Appellant argues she is entitled to relief under Civ.R. 60(B)(1) and (5), which provide that the trial court may relieve a party from a final judgment for "(1) mistake, inadvertence, surprise or excusable neglect * * * or (5) any other reason justifying relief from the judgment."

{¶18} The Ohio Supreme Court has set forth a three-prong test a movant must meet to prevail on a Civ.R. 60(B) motion. First, the motion must be filed within a reasonable time after the judgment or order was entered. Second, the party must be entitled to relief based on one of the reasons set forth in Civ.R. 60(B)(1)-(5). Third, the

5

party must establish it has a meritorious defense or claim to present in the event relief is granted. *GTE Automatic Elec., Inc. v. ARC Indus., Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. A party must satisfy each prong of the *GTE* Test to be entitled to relief; if one prong is not satisfied, the entire motion must be overruled. *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20 (1988) (citation omitted).

{¶19} The decision of whether to grant relief under Civ.R. 60(B) is entrusted to the sound discretion of the trial court. *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987) (citations omitted). Accordingly, we review the decision of the trial court for an abuse of discretion. *Id.* An abuse of discretion is the trial court's "'failure to exercise sound, reasonable, and legal decision-making.'" *State v. Beechler,* 2d Dist. Clark No. 09-CA-54, 2010-Ohio-1900, ¶62, quoting *Black's Law Dictionary* 11 (8th Ed.2004).

{¶20} Appellant argues she is entitled to relief from the February 23, 2016 judgment under Civ.R. 60(B)(1) and (5) because the trial court failed to properly notify her of the February 19, 2016 hearing in violation of her due process rights. She maintains the November 25, 2015 stipulated order indicates it was served on her via e-mail, but service was not effective because she did not receive the e-mail. Appellant asserts the trial court did not mail notice to her new address after she provided it to the trial court on November 30, 2015.

{¶21} Appellant fails, in both her Civ.R. 60(B) motion and her appellate brief, to demonstrate the existence of a meritorious claim or defense if relief from the trial court's February 23, 2016 judgment was granted. Appellant also makes no reference to the three-prong *GTE* test a movant must meet to prevail on a Civ.R. 60(B) motion, and her argument focuses only on her contention that the trial court failed to properly serve her

with a notice of the hearing. In her Civ.R. 60(B) motion she states, "this court's attempt to serve [appellant] with notice of the February 19, 2016 hearing was (i) ineffective, (ii) unauthorized, and (iii) violated her due process rights. These reasons satisfy the Civ.R. 60(B) standard for relief from judgment." The affidavit in support of her motion incorporates a print-out of her e-mail inbox and a copy of the notification she sent the trial court of her updated address. In the affidavit, appellant alleges she did not receive a copy of the trial court's November 25, 2015 stipulated order until after the February 19, 2016 hearing date, and she provided her updated address only at the advice of her then-counsel. Appellant's argument and the facts presented in support of her motion fail to demonstrate in any way that she had a meritorious claim or defense if relief was granted. Because appellant failed to satisfy the *GTE* test by failing to set forth a meritorious claim or defense, the trial court could have denied her Civ.R. 60(B) motion for this reason alone.

**{¶22}** With regard to service of the notice, both the Ohio and United States Constitutions guarantee each party to an action "'a reasonable opportunity to be heard after a reasonable notice of such hearing.'" *Ohio Valley Radiology Assocs., Inc. v. Ohio Valley Hosp. Assn.*, 28 Ohio St.3d 118, 125 (1986), quoting *State ex rel. Allstate Ins. Co. v. Bowen*, 130 Ohio St. 347 (1936), paragraph five of the syllabus.

**{¶23}** "Civ.R. 5 requires that 'every order required by its terms to be served' and 'every written notice,' among other papers filed after the original complaint, be served 'upon each of the parties.'" *Stewart v. Strader*, 2d Dist. Clark No. 2008 CA 116, 2009-Ohio-6598, ¶16. Additionally, "[w]hen service is required under Civ.R. 5, service is generally made upon the attorney of record." *Id.*, citing Civ.R. 5(B).

{¶24} Civ.R. 5(A) does not require service of trial court orders unless the order is "required by its terms to be served." *Ohio Valley*, *supra*, at 124. "Ohio courts have traditionally held that while some notice of a trial date is required to satisfy due process, an entry of the date of trial on the court's docket constitutes reasonable, constructive notice of that fact. *Id.* "[T]he entry of the trial date upon the trial court's docket is sufficient to satisfy the requirements of due process because a party is responsible for keeping track of the status of her case." *Nalbach v. Cacioppo*, 11th Dist. Trumbull No. 2001-T-0062, 2002 WL 32704, *5 (Jan. 11, 2002).

{¶25} The publicly available docket of the Geauga County Court of Common Pleas reflects an entry on the docket was made November 16, 2015, which states that a case was scheduled for a hearing on "motion to enforce settlement agreement and for attorney's fees for breach of settlement agreement" on February 19, 2016. A docket entry made November 17, 2015, includes an image of the hearing notice sent to appellant's counsel, and a docket entry made November 25, 2015, contains an image of the stipulated order filed the same day, which states the date of the hearing on the motion to enforce settlement agreement as February 19, 2016. Appellant had more than three months notice of the February 19, 2016 hearing on the court's publicly available docket.

{¶26} In addition to posting the hearing date on the court's publicly available docket, the court also sent notice of the hearing to appellant's counsel. Appellant was represented by counsel until the trial court's stipulated order of November 25, 2015, when counsel's motion for withdrawal was granted. Prior to the motion for withdrawal being granted, the trial court, on November 17, 2015, mailed appellant's counsel a copy

8

of the notice for the February 19, 2016 hearing. The trial court satisfied the requirements of due process.

{¶27} The trial court did not abuse its discretion when it overruled the Civ.R. 60(B) motion.

{¶28} Appellant's sole assignment of error is without merit.

{¶29} For the foregoing reasons, the June 27, 2016 judgment of the Geauga County Court of Common Pleas is affirmed.


CYNTHIA WESTCOTT RICE, P.J., concurs,

COLLEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

_____

COLLEEN MARY O'TOOLE, J., dissents with a Dissenting Opinion.

{¶30} The majority finds the trial court did not abuse its discretion in overruling appellant's Civ.R. 60(B) motion for relief from judgment. For the reasons stated, I disagree.

{¶31} "'A motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion.'" *Swaney v. Swaney*, 11th Dist. Trumbull No. 2014-T-0084, 2015-Ohio-2456, ¶6, quoting *Griffey v. Rajan,* 33 Ohio St.3d 75, 77 (1987). Regarding this standard, the term "abuse of discretion" is one of art, connoting judgment exercised by a court which neither comports with reason, nor the record. *State v. Ferranto,* 112 Ohio St. 667, 676–678 (1925). An abuse of discretion may be

9

found when the trial court "applies the wrong legal standard, misapplies the correct legal standard, or relies on clearly erroneous findings of fact." *Thomas v. Cleveland,* 176 Ohio App.3d 401, 2008-Ohio-1720, ¶15 (8th Dist.)

**{¶32}** "In order to prevail on a motion for relief from judgment pursuant to Civ.R. 60(B), the movant must demonstrate: (1) a meritorious claim or defense; (2) entitlement to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) timeliness of the motion." *Rose Chevrolet, Inc. v. Adams,* 36 Ohio St.3d 17, 20 (1988), citing *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

**{¶33}** Civ.R. 60(B) states in part:

**{¶34}** "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken."

**{¶35}** When this case began, appellant lived in Ohio and was represented by counsel. In early-November 2015, she moved to North Carolina and continued to be represented by counsel. The record reflects that both parties entered into a formal settlement agreement and filed cross-motions to enforce the agreement.

**{¶36}** On November 25, 2015, the trial court issued a stipulated order scheduling the hearing on the cross-motions for February 19, 2016, ordered appellant to provide her new North Carolina address, and granted appellant's counsel's motion to withdraw. The stipulated order reveals appellant was served with a copy via email to mrskobrien@gmail.com. However, appellant averred in her affidavit that she never received that email.

**{¶37}** On November 30, 2015, appellant notified the trial court of her new North Carolina address solely on the advice of her former counsel. Appellant did not provide the update due to the stipulated order because she did not receive the order with the information and was unaware that the order even existed at that time.

**{¶38}** Although the trial court failed to notify appellant of the time and place of the hearing, it nevertheless held a hearing on the cross-motions on February 19, 2016. Following the hearing, the court entered judgment in favor of appellee. Appellant, now acting pro se, received a copy of the trial court's February 23, 2016 order and decision at her North Carolina address.

**{¶39}** Appellant timely filed a Civ.R. 60(B) motion for relief from judgment which was denied. Based on the facts presented, it is this writer's position that the motion should have been granted and that the trial court erred in failing to properly notify appellant of the February 19, 2016 hearing in violation of her due process rights.

11

**{¶40}** Civ.R. 5, "Service and filing of pleadings and other papers subsequent to the original complaint," states in part:

**{¶41}** "(B) Service: how made

**{¶42}** "* * *

**{¶43}** "(2) *Service in general.* A document is served under this rule by:

**{¶44}** "* * *

**{¶45}** "(f) sending it by electronic means to a facsimile number or e-mail address provided in accordance with Civ.R. 11 by the attorney or party to be served, in which event service is complete upon transmission, but is not effective if the serving party learns that it did not reach the person served."

**{¶46}** Pursuant to Civ.R. 5(B)(2)(f), the serving parties here were appellee and the trial court and the person served was appellant. Regarding the type of case at issue, email notification was improper and unauthorized. And, as stated, appellant never received a copy of the stipulated order to her gmail address. Thus, the attempted service was ineffective under the rule.

**{¶47}** Appellant was deprived of notice and, as a result, an opportunity to be heard at the February 19, 2016 hearing. As such, her fundamental due process rights were violated. *See* Fourteenth Amendment, United States Constitution; Article I, Section 16, Ohio Constitution. In addition, procedural fairness was not met in this case. *See* nasje.org/procedural-fairness (procedural fairness is explained as whether people experiencing the justice system perceive the procedures used and the interpersonal treatment they received as fair – and includes four key components – (1) understanding;

(2) voice; (3) respect; and (4) neutrality); *see also* courtinnovation.org (research of Tom Tyler, PhD, Professor, Yale University, and leading advocate of procedural justice).

**{¶48}** The foregoing reasons satisfy the Civ.R. 60(B)(1) and (5) standards for relief from judgment, and the trial court erred as a matter of law in denying appellant's motion.

**{¶49}** I respectfully dissent.