[Cite as *Pickett v. Catholic Health Initiatives*, 2025-Ohio-575.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

Stephanie C. Pickett                                    Court of Appeals No.  L-24-1078

      Appellee                                    Trial Court No.  CI0202101202

v.

Catholic Health Initiatives, et al.          **DECISION AND JUDGMENT**

      Appellants                                    Decided:  February 21, 2025

* * * * *

Corey J. Kuzma and Jennifer L. Lawther, for appellee.

Robert L. Solt, IV and Mark S. Barnes, for appellants.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal from a March 18, 2024 judgment of the Lucas County Court of Common Pleas, granting appellee's, Stephanie Pickett, Civ.R. 60(B)(5) motion for relief from the trial court's November 4, 2021 judgment, granting appellant Catholic Health Initiatives' ("C.H.I.") Civ.R. 41(B)(1) motion to dismiss for failure to prosecute. The trial court summarily held, "[T]he Court finds Plaintiff's Motion for Relief from Judgment well- taken and [it is] granted.  This case is reactivated."  The decision was devoid of citation to supporting legal authority or reference to evidence.  No articulation

of the merits of the decision was manifest. For the reasons set forth below, this court reverses the March 18, 2024 judgment of the trial court.

{¶ 2} Appellant, C.H.I., sets forth the following sole assignment of error:

"I. The trial court abused its discretion by granting appellee's Civ.R. 60(B) relief in the absence of evidence satisfying the 3-prong requirement set forth in *GTE Automatic Elec. V. ARC Industries, Inc*."

{¶ 3} The following undisputed facts are relevant to this appeal. This case arises from an alleged slip and fall injury that occurred on February 21, 2019, in which Pickett claims to have slipped and fallen on ice during her workday. Notably, however, by Pickett's own admission, the location of the incident was off-site, on premises neither owned by, or otherwise controlled by, C.H.I. In conjunction, the purpose of Pickett's presence on the off-site premises was an unauthorized smoke break.

{¶ 4} On February 21, 2020, Pickett filed a worker's compensation claim in connection to the above-referenced incident. Pickett's initiation of the claim automatically gave access to Pickett's online claim file, contained in ICON, the case information website for the Bureau of Worker's Compensation and the Industrial Commission, to both Pickett and her legal representative.

{¶ 5} The claim proceeded, was heard by a staff hearing officer, and was allowed by the staff hearing officer. The allowance of the claim was then administratively appealed by C.H.I. On December 4, 2020, the Industrial Commission denied C.H.I.'s administrative appeal. Accordingly, on January 28, 2021, as authorized pursuant to R.C. 4123.512(A), C.H.I. next appealed to the trial court, triggering the R.C. 4123.512(D)

2.

statutory filing deadline, requiring Pickett to file a petition setting forth the basis of the underlying claimed right to participate in the fund within 30 days of the appeal. Pickett did not do so.

{¶ 6} On May 26, 2021, four months after appealing the administrative denial and three months after Pickett's mandatory petition filing deadline expired, C.H.I. filed a Civ.R. 41(B)(1) motion for dismissal for failure to prosecute against appellee. Pickett did not file a response. On June 15, 2021, although the trial court's internal records reflected service of all filings and notices upon Pickett, and no other evidence was presented suggestive of a failure of service, the trial court exercised discretion in Pickett's favor, thereby furnishing Pickett another opportunity to comply with the R.C. 4123.512(D) petition filing requirement, denied C.H.I.'s Civ.R. 41(B)(1) motion for dismissal, and ordered C.H.I. to effectuate service of the R.C. 4123.512(A) appeal upon Pickett for a second time.

{¶ 7} On June 25, 2021, in compliance with the above, C.H.I. again effectuated service of the appeal of the administrative denial upon Pickett. Again, the trial court's internal records reflect no evidence of a failure of service upon Pickett. Consistently, the record is devoid of any evidence of any notice or filing mailed to Pickett ever being returned, marked as "undeliverable", or otherwise being unable to be served upon Pickett, throughout this case. Nevertheless, Pickett again failed to file the mandatory R.C. 4123.512(D) responsive petition.

{¶ 8} On October 21, 2021, eight months after Pickett's R.C. 4123.512(D) mandatory 30-day petition filing deadline expired, C.H.I. filed a renewed Civ.R. 41(B)(1)

3.

motion for dismissal for failure to prosecute. The record again reflects that service of the motion was made upon Pickett, and contains no evidence to the contrary. In addition, all filings and notices were available to Pickett on ICON. Pickett's awareness of, and access to, ICON, is uncontested. Nevertheless, Pickett again failed to respond to the Civ.R. 41(B)(1) motion.

{¶ 9} On November 4, 2021, the trial court granted C.H.I.'s second Civ.R. 41(B)(1) motion for dismissal for failure to prosecute, based upon Pickett's ongoing failure to comply with the R.C. 4123.512(D) mandatory filing of a petition in response to C.H.I.'s appeal, despite being furnished two opportunities in which to do so, and an 8-month period of time, far exceeding the 1-month statutory period, in which to do so.

{¶ 10} Two years after C.H.I.'s Civ.R. 41(B)(1) motion to dismiss was granted, on December 14, 2023, Pickett filed a Civ.R. 60(B)(5) motion for relief from judgment, seeking to vacate the trial court's 2021 decision granting C.H.I.'s Civ.R. 41(B)(1) motion to dismiss for failure to prosecute. In support, Pickett suggested that she had not received any filings or notices issued in the three-year course of the case. However, Pickett's blanket denial of service was done on a qualified basis, denying the memory of service, rather than the denial of service.

{¶ 11} Specifically, Pickett claimed that she, "could not remember," receipt of any court documents in relation to this case, while simultaneously making generic claims of occasional issues with her mail delivery, and relatedly, unsupported claims that her husband would sometimes put their mail in his vehicle, but neglected to ensure of her receipt of it.

4.

{¶ 12} The record shows that all such claims by Pickett are unsupported by evidence. The record contains no supporting or collaborating evidence, such as Pickett filing reports of mail delivery issues with the post office, Pickett paying past due fees for bills she had not timely received, or an affidavit or testimony by her husband consistent with her claims.

{¶ 13} By contrast, C.H.I.'s memorandum in opposition to Pickett's Civ.R. 60(B) motion for relief from judgment was accompanied by the supporting affidavit of employee Janelle Matuszak. Matuszak's affidavit attested that Pickett's home mailing address was verified, including via confirmation by Pickett herself, and that Pickett had access to ICON, had used ICON in connection to this case, and that no service issues occurred in this case.

{¶ 14} On March 14, 2024, the trial court conducted a hearing on Pickett's Civ.R. 60(B) motion for relief from judgment. The transcript of the hearing reflects that, consistent with her brief in support, rather than deny the receipt of any filings or notices in this case, Pickett conspicuously denied only the recollection of the receipt of any filings or notices in this case.

{¶ 15} Upon cross-examination, as relates to Pickett's mail delivery claims, inquiry was made, "Did you ever file any type of complaint with the post office?" Pickett replied, "No." Relatedly, further inquiry was made, "Do you have any proof that there was ever a bill that was overpaid or delayed [as a result of the claimed mail delivery issues]?" Pickett replied, "No." Finally, as pertains to claims regarding her husband, inquiry was made, "[Was there] anything you ever found out that your husband didn't

5.

relate to you or give to you mail wise that caused any issues?" Pickett again replied, "No." The matter was submitted.

{¶ 16} On March 18, 2024, the trial court summarily held, without articulating or specifying any basis demonstrative of the merits of the decision, "[T]he Court finds Plaintiff's [Civ.R. 60(B)] Motion for Relief from Judgment well-taken and [it is] granted." This appeal ensued.

{¶ 17} In the sole assignment of error, appellant argues that the trial court's decision to grant Pickett's Civ.R. 60(B) motion for relief from the trial court's Civ.R. 41(B)(1) judgment of dismissal for failure to prosecute was an abuse of discretion. We concur.

*R.C. 4123.512(D) Notification by the Clerk*

{¶ 18} R.C. 4123.512(D) mandates, "Upon receipt of notice of appeal, the clerk of courts shall provide notice to all parties who are appellees and to the commission. *The claimant shall, within 30 days after the filing of the notice of appeal, file a petition containing a statement of facts in ordinary and concise language showing a cause of action to participate or to continue to participate in the fund*." (Emphasis added).

{¶ 19} We note that, under R.C. 4123.512(D), once the notice of appeal is filed, it is the sole responsibility of the clerk of court to provide notice to all parties. R.C. 4123.512(D) does not mandate the type of notice that is required.

{¶ 20} It is undisputed that the record establishes that appellant filed the Notice of Appeal with the Lucas County Clerk of Common Pleas on January 28, 2021, and that on January 29, 2021, the Clerk sent a copy of the Notice of Appeal, by certified mail, to the

6.

parties, including appellee Stephanie Pickett to her home address, 1643 Gould Rd., Toledo, Ohio 43612.

{¶ 21} The record also establishes that the only "Return Receipt for Certified Mail" that was returned to the Clerk was from the Administrator of the BWC, John Logue, that occurred on February 22, 2021.

{¶ 22} On June 15, 2021, the trial court found that, "Ms. Pickett was never served with a copy of the Notice of Appeal. The court then granted appellant leave to effectuate service in "another manner."

{¶ 23} In response, on June 29, 2021, appellant filed a praecipe for service with the Clerk requesting the Clerk notify appellee, Stephanie C. Pickett, by ordinary mail. On June 29, 2021, the Clerk complied and sent notices to appellee at her Gould Rd. home address.

{¶ 24} The record further establishes that this notice was never returned to the Clerk as undeliverable.

> Civ.R. 5(B)(2)(c) states, in pertinent part:
> (2) Service in General. A document is served under this rule by:
> (c) mailing it to the person's last known address by United States mail, in which event service is complete upon mailing.
> The record shows that the Lucas County Clerk of Courts mailed notice to Pickett

at the home address indicated in her worker's compensation claim. Pickett argues excusable neglect based on her claimed failure to receive notice. However, service of notice under Civ.R. 5 only required notice to be mailed to the address of record. *Smith v. Hines*, 2023-Ohio-107, ¶ 21-23 (6th Dist.).

7.

**{¶ 25}** In conjunction, as set forth in *State ex rel. Fresh Mark, Inc. v. Indus. Comm.*, 2007-Ohio-2876, ¶ 27 (10th Dist.),

> R.C 4123.522 provides a rebuttable presumption, sometimes called the 'mailbox rule' that, once a notice is mailed, it is presumed to be received in due course. *Weiss v. Ferro Corp.* (1989), 44 Oho St.3d 178, 180. In order to successfully rebut that presumption, the party alleging the failure to receive notice must prove that: (1) the failure of notice was due to circumstances beyond the party's or the party's representative's control, (2) the failure of notice was not due to the party's or the party's representative's fault or neglect, and (3) neither the party nor the party's representative had prior actual knowledge of the information contained in the notice.

As applied to the instant case, the record is devoid of evidence demonstrative of a failure of service of any filing or notice since the 2020 inception of the case. The undisputed evidence reflects that no mailing of any copies of filings or notices sent to Pickett over the course of this case was ever returned to the clerk of courts, was ever marked as "undeliverable", or was otherwise shown to have not been served upon Pickett.

**{¶ 26}** Nevertheless, the transcript of the Civ.R. 60(B) motion hearing reflects that, in sole support of the Civ.R. 60(B) motion, Pickett conditionally suggested that she never received service of anything related to this case, specifically claiming to "not remember" receiving any mailings of documents from the industrial commission, the clerk of courts, or the Court of Appeals, in connection to this matter.

**{¶ 27}** Upon cross-examination, the record reflects that Pickett acknowledged that, despite claims of ongoing mail delivery issues over the course of many years, she did not make a report of it with the post office. Appellant inquired of Pickett, "Did you ever file any type of complaint with the post office?" Pickett acknowledged, "No." Consistently,

8.

upon further inquiry of Pickett, "Do you have any proof that there was a bill that was overpaid or delayed by [reason of mail delivery issues]?", Pickett again acknowledged, "No." Lastly, "[Was there] anything you ever found out that your husband didn't relate to you or give to you mail-wise that caused any issues?", Pickett acknowledged, "No."

{¶ 28} Accordingly, the record shows that the basis offered in support of Pickett's Civ.R. 60(B) motion for relief from judgment, the denial of any recollection of the receipt of any filings or notices, accompanied by generic claims of long-term issues with mail delivery at her home and an issue with her husband retrieving the mail from the mailbox, but not always passing it along to her, was unaccompanied by any evidence from which the propriety of the claims could be evaluated.

{¶ 29} Civ.R. 60(B) establishes,

> On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(B); (3) fraud (which hereto for denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment has been satisfied, released or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (5) any other reason justifying relief from the judgment.
>
> In conjunction, as set forth in the seminal Civ.R. 60(B) case of *GTE Automatic*

*Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus,

> To prevail on [a] motion under Civ.R. 60(B), the movant must demonstrate that: (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable

9.

time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered * * * these requirements are independent and in the conjunctive, not the disjunctive.

{¶ 30} In applying the above-detailed governing legal principles to this case, we first note that the record shows that, prior to this appeal, Pickett did not specify the type of Civ.R. 60(B) motion being made. However, our review of the record, with particular attention to the transcripts of the motion hearing, discerns that the motion substantively constituted a Civ.R. 60(B)(1) claim of excusable neglect, based upon a claim implying that she had not received any of the filings or notices in this case. Pickett thereby suggests that her failure to comply with the R.C. 4123.512(D) mandate of filing a responsive petition within 30 days, was excusable.

{¶ 31} Accordingly, given the speculative, unsupported basis of Pickett's suggested denial of the receipt of filings and notices in this case, we find that Pickett has failed to rebut the 'mailbox rule' presumption of the receipt of same in due course. In order to successfully rebut the presumption, the initial threshold showing requires demonstration that the failure of notice was due to circumstances beyond the party's or the party's representative's control. This has not been shown in this case.

{¶ 32} Given that the record shows that Pickett has failed to successfully rebut the presumption of receipt in due course, as established by the 'mailbox rule', we further find that the record shows that Pickett's claim in support of the Civ.R. 60(B)(1) motion, on the identical basis, likewise fails.

10.

{¶ 33} Next, as specifically regards the *GTE* test, we first note that the record is devoid of evidence arguably demonstrative that Pickett had a meritorious claim to present. Pickett did not file the requisite R 4123.512(D) petition, "containing a statement of facts in ordinary and concise language's showing a cause of action to participate or to continue to participate in the fund." The record contains no other evidence arguably constituting such a showing. As such, given that the *GTE* requirements are conjunctive, not disjunctive, our consideration need proceed no further.

{¶ 34} However, even assuming arguendo that the first *GTE* prong was satisfied, the record clearly shows that Pickett's sole substantive basis offered in support of the Civ.R. (B) motion, a Civ.R. 60(B)(1) claim of excusable neglect, was unaccompanied by supporting evidence and is without merit. Thus, the second *GTE* prong was likewise not satisfied. Lastly, Civ.R. 60(B) requires that Civ.R. 60(B)(1) motions be made, "not more than one year after the judgment or proceeding was entered or taken." The record shows that the subject judgment in this case, the trial court's granting of C.H.I.'s Civ.R. 41(B)(1) motion to dismiss for failure to prosecute, was entered on November 4, 2021. On December 14, 2023, Pickett filed the subject Civ.R. 60(B) motion, more than a year after the November 4, 2022 filing deadline expired. Thus, the third *GTE* prong was likewise not satisfied. If any one of the three *GTE* requirements is not met, the motion should be overruled. *McCain v. Alexander*, 2023-Ohio-2007, ¶ 18-19 (6th Dist.), citing *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 20, (1988).

{¶ 35} Based upon the foregoing, we find that the record shows that Pickett furnished no basis from which the trial court could have properly granted the December

11.

14, 2023 Civ.R. 60(B) motion for relief from judgment, in accord with *GTE*. Thus, we find that the trial court's March 18, 2024 decision granting appellee's Civ.R. 60(B) motion was arbitrary and, therefore, unreasonable. Accordingly, it was an abuse of discretion. Appellant's assignment of error is found well-taken.

**{¶ 36}** Wherefore, the judgment of the Lucas County Court of Common Pleas is hereby reversed. This case is remanded to the trial court for further proceedings consistent with this opinion. Pickett is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment reversed
and remanded.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Thomas J. Osowik, J.                                                  _____

                                                                        JUDGE

Myron C. Duhart, J.               
CONCUR.                                                 _____

                                                                        JUDGE


Christine E. Mayle, J.           
CONCURS AND WRITES                               _____
SEPARATELY.                                                        JUDGE

**MAYLE, J., Concurring**

{¶ 37} I concur in judgment but for different reasons. I agree with the majority that the trial court abused its discretion when it granted relief from judgment to appellee, Stephanie Pickett, but I would resolve the case by finding that Pickett failed to allege that she has a meritorious claim or defense in the appeal filed by appellant, Catholic Health Initives.

{¶ 38} To prevail on a Civ.R. 60(B) motion, the movant is required to show that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time . . . ." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus. "These requirements are independent and in the conjunctive; thus *the test is not fulfilled if any one of the requirements is not met*." (Emphasis added.) *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994). If the movant does not prevail on the first element, deciding whether she met her burden on the second and third elements of the *GTE* test becomes moot. *McClelland v. Catholic Charities Diocese of Toledo*, 2018-Ohio-3514, ¶ 13 (6th Dist.).

{¶ 39} A party seeking relief under Civ.R. 60(B) is required to allege "operative facts" that support the claim, but "is not required to support its motion with evidentiary materials . . . ." *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 20 (1996). The movant is required to allege that she has a meritorious claim or defense even if she is seeking relief based on issues with notice. *Yost v. McNea*, 2021-Ohio-2145, ¶ 44 (6th Dist.); *Lopresti v. O'Brien*, 2017-Ohio-5637, ¶ 21 (11th Dist.); *Automotive Illusions, LLC v.*

13.

*Reflex Ents., LLC*, 2002-Ohio-4047, ¶ 17-18 (10th Dist.). The burden of "demonstrat[ing] that the interests of justice demand the setting aside of a judgment normally accorded finality" is on the movant. *Rose Chevrolet, Inc. v. Adams*, 36 Ohio St.3d 17, 21 (1988); *State ex rel. Tingler v. VanEerten*, 2023-Ohio-2792, ¶ 8 (6th Dist.).

{¶ 40} Here, Pickett did not address the element of a meritorious claim or defense *at all* in her Civ.R. 60(B) motion. On appeal, she argues—without citing any authority—that CHI's argument addressing the first prong of the *GTE* test "is confusing or misplaced at best and intentionally misleading at worst" because CHI "ignores the fact that the appeal from the administrative hearings rise not from [Pickett] but from [CHI] as the claim was allowed and recognized . . ." at the administrative level. I found no authority supporting the proposition that success at an administrative hearing demonstrates a meritorious claim or defense in the appeal of an administrative decision. Although Pickett now argues that there is proof of her meritorious claim "[w]ithin the administrative and procedural history of this claim," *Pickett* had the burden of showing that she had a meritorious defense to CHI's appeal; her appellate argument improperly shifts that burden to CHI.

{¶ 41} Pickett's failure to address or allege the applicability of the first *GTE* requirement, standing alone, mandated that the trial court deny her motion for relief from judgment.[1]  Because she failed to do so, I would find, based solely on this issue, that the trial court abused its discretion by granting Pickett's motion.

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.

[1] Indeed, the trial court was required to deny the Civ. R. 60(B) motion even though—at the trial court level—CHI did not specifically raise Pickett's failure to satisfy the first prong of the *GTE* test when opposing the motion.  A movant must meet *all three* elements of the *GTE* test to be entitled to relief from judgment, and the movant's failure to show the applicability of even one element precludes relief under Civ.R. 60(B).  GTE at paragraph two of the syllabus; Strack at 174.  Thus, the trial court was required to consider this element whether or not CHI raised the issue, and its apparent failure to do so makes its Civ.R. 60(B) judgment unreasonable and arbitrary.  *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610 (1996) (abuse of discretion means that the trial court's decision was unreasonable, arbitrary, or unconscionable).